IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AJB PROPERTIES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-2021-JWL |
| | ) | |
| ZARDA BAR-B-Q OF LENEXA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **ORDER**

This matter comes before the court on defendant's motion to dismiss plaintiff's original complaint (Doc. # 2). Because plaintiff has filed an amended complaint, the motion is **denied as moot**.

In its original complaint, plaintiff alleged that it was a Florida limited partnership; that it owned property in Lenexa, Kansas; and that on February 20, 2007, defendant allowed a discharge of grease from defendant's restaurant into the public sewer system, thereby causing a blockage, which resulted in damage to plaintiff's property. Plaintiff asserted claims for damages under the federal Water Pollution Control Act (WPCA), 33 U.S.C. § 1251 *et seq.*, and under state law theories of negligence and nuisance. Plaintiff asserted federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b). Although it titled

its motion as one to dismiss for lack of subject matter jurisdiction, defendant actually argued in the motion that the WPCA does not allow for a private cause of action for damages, and that therefore plaintiff did not state a claim under federal law. Defendant also noted that plaintiff's complaint did not establish diversity jurisdiction because plaintiff had failed to alleged the citizenship of its partners. Thus, defendant argued that plaintiff lacks a basis for federal jurisdiction and that the case should therefore be dismissed.

In response to defendant's motion, plaintiff filed an amended complaint, in which it repeats its assertion of federal question jurisdiction, and also asserts diversity jurisdiction, based on the allegations that its general partner is a Florida limited liability company and its limited partners are individuals residing in Florida and Georgia.[1] Plaintiff also filed a brief in response to the motion to dismiss, in which it argues that the parties' diversity, as alleged in the amended complaint, now provides federal jurisdiction. Plaintiff did not address defendant's argument concerning the viability of the federal claim in this response.

In its reply brief, defendant argues that because a "responsive pleading" has been filed—namely, the motion to dismiss—plaintiff needed leave or consent, *see* Fed. R. Civ.

---

[1]The amended complaint does not include any details concerning the LLC's membership.

2

P. 15(a), and that the amended complaint should therefore be stricken.[2] The most cursory research would have revealed, however, that a motion to dismiss is not considered a "responsive pleading" for purposes of Rule 15(a). *See, e.g.*, *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994); *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985); *see also* Fed. R. Civ. P. 7(a) (listing the only "pleadings" allowed under the rules). Therefore, because defendant had not filed an answer, plaintiff was permitted to file its amended complaint as a matter of course, without leave or consent. That pleading supersedes the original complaint; accordingly, defendant's motion to dismiss the original complaint is denied as moot. Defendant is granted until **May 4, 2009**, in which to file its answer or other response to the amended complaint.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 2) is **denied as moot**.

IT IS FURTHER ORDERED THAT defendant shall file its answer or other response to the amended complaint on or before **May 4, 2009**.

IT IS SO ORDERED.

Dated this 28th day of April, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
\      United States District Judge

---

[2]The court has not considered plaintiff's unauthorized sur-reply brief.