IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AJB PROPERTIES, LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09-2021-JWL |
| ZARDA BAR-B-Q OF LENEXA, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss Count I of plaintiff's amended complaint, in which plaintiff asserts a claim under the Federal Water Pollution Control Act (commonly referred to as the Clean Water Act) ("the Act"), 33 U.S.C. § 1251 *et seq.* (Doc. # 21). For the reasons set forth below, the Court **grants** the motion. Plaintiff is granted leave, however, until **December 31, 2009**, to amend its complaint yet again to assert a cognizable claim for injunctive relief under the Act or to allege facts sufficient to establish the Court's diversity jurisdiction.

In its original complaint, plaintiff alleged that defendant allowed a discharge of grease from defendant's restaurant into the public sewer system, thereby causing a blockage and damaging plaintiff's property. Plaintiff invoked the Court's federal question and supplemental jurisdiction, and it asserted claims for damages under the Act and under state law theories of negligence and nuisance. In its motion to dismiss that

complaint, defendant argued that plaintiff could not maintain a private cause of action for damages under the Act; that plaintiff had not established diversity jurisdiction; and that plaintiff therefore lacked a basis for federal jurisdiction. The parties fully briefed that motion, but plaintiff also filed an amended complaint, in which it attempted to establish the parties' diversity of citizenship. Plaintiff also supplemented its claim for damages with a claim for injunctive relief under the Act. On April 28, 2009, the Court noted the parties' arguments but denied the motion to dismiss as moot in light of the filing of a new complaint (Doc. # 7). Defendant now moves to dismiss plaintiff's claim under the Act, again arguing that the Act does not allow for a private right of action.

Plaintiff first argues that defendant's motion is barred by Rule 12's consolidation provision, which requires generally that a party that has moved once under Rule 12 may not make another such motion raising a defense omitted from the earlier motion. *See* Fed. R. Civ. P. 12(g)(2). This argument is virtually frivolous. Defendant can hardly have been expected to consolidate its Rule 12 challenges to the *amended* complaint in its Rule 12 motion to dismiss the *original* complaint. In addition, defendant clearly *did* make this same argument about the lack of a private right of action under the Act in its first motion, as the Court noted in its previous order.

Moreover, neither party has addressed the fact that defendant has already filed an answer to the amended complaint, which would prohibit a motion under Rule 12(b). *See* Fed. R. Civ. P. 12(b) (motion asserting defenses in Rule 12(b) must be made before responsive pleading). Thus, the Court considers defendant's motion as one for judgment

2

on the pleadings under Rule 12(c) (defendant did not explicitly base its motion on any particular rule). Rule 12(g)(2) and Rule 12(h)(2) provide that a legal defense may be raised by a motion under Rule 12(c) even after a prior motion under Rule 12(b). *See* Fed. R. Civ. P. 12(g)(2), 12(h)(2).

Plaintiff does no better in next arguing that, if defendant did raise this defense in its previous motion, then reconsideration of that defense is barred by the doctrine of the law of the case. First, the doctrine does not apply here, as a district court is free to reconsider earlier interlocutory orders. *See Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). Second, it is obvious that the Court did not rule on this issue in its prior order; thus, there is no "law of the case" to be followed here.

When plaintiff finally reaches the merits of defendant's motion, it does not dispute that the Act does not allow a private suit for damages. *See Middlesex Co. Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1 (1981) (there is no implied right of action for damages under the Act; citizen suit provision authorizes private suits for injunction to enforce the Act). Accordingly, the Court dismisses plaintiff's claim for damages based on an alleged violation of the Act.

Plaintiff does contend that its claim under the Act should survive because it now asserts a claim for an injunction prohibiting additional discharges into the sewer system by defendant. Defendant responds that plaintiff's claim under the Act should nonetheless be dismissed in its entirety because plaintiff's amended complaint refers only to a past discharge and plaintiff has not alleged any sort of continuing discharge by

3

defendant to be enjoined. *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49 (1987) (citizen suit provision of the Act does not confer federal jurisdiction over citizen suits for wholly past violations). The Court agrees that because plaintiff has not alleged a continuing violation of the Act, plaintiff has failed to state a claim for injunctive relief under the Act. The Court therefore dismisses Count I of the amended complaint. Because defendant has only recently raised this issue, the Court grants plaintiff leave to file another amended complaint properly alleging a continuing violation of the Act by defendant that would support a cognizable claim for injunctive relief, if in fact plaintiff can make such an allegation.

In light of its dismissal of the only claim here based on federal law, the Court considers whether it may exercise diversity jurisdiction in this case. *See 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10ths Cir. 2006) (court has independent obligation to determine whether subject matter exists and may raise the issue *sua sponte*). In its amended complaint, in attempting to cure its prior pleading deficiency, plaintiff alleged that it is a Florida limited partnership whose general partner is a Florida limited liability company and whose limited partners reside in Florida or Georgia. Plaintiff has not identified the states in which the general partner's members reside, however, or the states in which the members of defendant, a limited liability company, reside. Thus, it is still not clear whether this Court has diversity jurisdiction in this case. *See Tilzer v. Davis, Bethune & Jones, LLC*, 2004 WL 825289, at *1 (D. Kan. Apr. 15, 2004) (noting that every circuit court addressing the

4

issue has held that, for purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which any member is a citizen).

Accordingly, if plaintiff is unable to amend to allege a continuing violation of the Act to support the Court's federal question jurisdiction, it must instead allege sufficient facts to establish the Court's diversity jurisdiction. Plaintiff is granted leave until December 31, 2009, to file a second amended complaint that establishes one or both of those bases for this Court's subject matter jurisdiction. If plaintiff fails to file such an amended complaint, the Court will dismiss the entire action, as the Court does not foresee granting plaintiff any additional opportunities to amend.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss Count I of plaintiff's amended complaint (Doc. # 21) is **granted**. The Court grants plaintiff leave until **December 31, 2009**, to amend its complaint either to assert a cognizable claim for injunctive relief in Count I or to allege facts sufficient to establish the Court's diversity jurisdiction.

IT IS SO ORDERED.

Dated this 16th day of December, 2009, in Kansas City, Kansas.

>s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge